UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| Calvin R. Pettrey, and | ) | CASE NO. 1:05-cv-1504 |
| Nikki Pettrey | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Enterprise Title Agency, Inc., | ) | |
| First USA Title Agency, LP, | ) | **Memorandum Opinion and Order** |
| John DeSantis, and | ) | |
| John Doe(s) | ) | |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

Plaintiffs Calvin and Nikki Pettrey have filed a Motion to Dismiss Joint Counterclaims, or in the Alternative, to Strike Portions Thereof (Doc. 23).  This case arises from Defendants Enterprise Title Agency, Inc. ("Enterprise") and John DeSantis allegedly setting up sham companies such as Defendant First USA Title Agency, LP ("First USA") to cover up the improper payment of referral fees to DeSantis.  For the reasons that follow, the motion is GRANTED.

1

**BACKGROUND**

Plaintiffs Calvin and Nikki Pettrey allege the following in their Complaint. Plaintiffs purchased a home in June 2004. Defendant DeSantis was the real estate agent for the transaction. He told Plaintiffs that the sellers insisted they use Defendant Enterprise as the settlement agent for the transaction while the sellers were told that Plaintiffs insisted on Enterprise. At the closing Plaintiffs learned that Defendant First USA[1] was owned by DeSantis and Enterprise, and would be paid to perform certain services related to the closing. This was outlined on a HUD-1 Settlement Statement.

Plaintiffs contend that the HUD-1 Settlement Statement concealed the true nature of First USA, which performed no services and added no value to the transaction. All services credited to First USA were instead performed by Enterprise. Fees paid to First USA were in fact a kickback or illegal referral fee paid by Enterprise to DeSantis.

Plaintiffs bring claims for Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607 (Count I), Negligent Misrepresentation (Count II), Violation of the Consumer Sales Protection Act (Count III) and Civil Conspiracy (Count IV). Defendants filed an answer and counterclaims. Defendants bring five counterclaims, the first four of which seek Declaratory Judgment with respect to RESPA (Count I), the Consumer Sales Protection Act (Count II), Negligent Misrepresentation (Count III) and Civil Conspiracy (Count IV). All four of these counterclaims have the following identical allegations:

• The Affiliated Business Arrangement which exists between Defendants is lawful, recognized and approved by governing law.

---

[1] Such entities are generally referred to as "Affiliated Business Arrangements" or AfBAs.

- A dispute and actual controversy has arisen between the Plaintiffs and Defendants.

- Defendants request a declaration from this Court that the Affiliated Business Arrangement applicable to the Pettrey transaction and all such similar transactions are in compliance with governing law.

- Defendants further request a declaration that they are entitled to reimbursement of their reasonable attorneys fees, costs and expenses associate in defending themselves in this suit.

(Doc. 15).  Plaintiffs' motion seeks to dismiss or strike all of these claims on the basis that they are a mirror-image of Plaintiffs' claims and are therefore redundant.

Defendants have also filed a counterclaim for Frivolous Conduct (Count V).  This counterclaim focuses solely on Plaintiffs' Complaint: "Serious Allegations of fraud, concealment, deception, conspiracy, organized crime and malicious conduct have been alleged throughout the Complaint.  These allegations are absolutely false and were not asserted in good faith."  The counterclaim continues that "[t]he abuse allegations are frivolous and are not and were not alleged in good faith. . . . As a result, Defendants request that Plaintiffs be held liable for frivolous conduct and order Plaintiffs to reimburse Defendants for having to defend themselves against these frivolous allegations."

Plaintiffs also move to dismiss Count V on the basis that it fails to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the pleading must be taken as true and construed liberally in favor of the nonmoving party.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  Notice pleading requires only that the opposing party be given "fair notice of what

3

the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  However, the pleading must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

### DISCUSSION

Plaintiffs first argue that Defendants' "Frivolous Conduct" claim must be dismissed.  The claim is a transparent reference to Ohio Revised Code Section 2323.51, which permits a court to award reasonable attorneys fees to those damaged by frivolous civil actions or litigation conduct.  The Sixth Circuit has already rejected the argument that Section 2323.51 supports a claim in federal court.  *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 528-29 (6th Cir. 2002).  Federal courts sitting in diversity apply state substantive law and federal procedural law.  *Id*. at 528 (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).  State laws creating a right to attorneys fees are generally considered substantive and will typically be applied in federal cases; however, where a federal Rule speaks to the same issue the Court must apply only the Rule.  *Id.* at 528-29.  In *Marietta,* the Sixth Circuit examined Section 2323.51 and noted that it "allows the award of attorneys fees based upon the conduct of the parties and the attorneys in filing and litigating the claim, rather than for success on the underlying merits of the claim."  *Id*. at 529.  Accordingly, "the statute is procedural in nature and, as such, under *Erie*, Rule 11 should govern the award of sanctions for frivolous conduct."  *Id*.

Plaintiffs contend, and Defendants do not dispute, that Rule 11 cannot support a counterclaim for attorneys fees.  *See, e.g., Lenoir v. Tannehill*, 660 F. Supp. 42, 44 (S. D. Miss. 1986) (concluding that "Rule 11 was not adopted to be used as a seedling which, with a little

4

fertilization by creative legal minds, would grow into a hybrid of the bad faith tort"); *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997) (discussing the proper procedures to bring a Rule 11 motion).  Defendants thus rely on *Chambers v. NASCO*, wherein the Supreme Court confirmed the federal courts' inherent power to sanction bad faith litigation conduct.  501 U.S. 32 (1991).  Although the Court does not disagree that such power exists, it is not entirely clear how Defendants' observation is relevant to this motion.  At the appropriate time, Defendants might wish to ask the Court to exercise its inherent power.[2]  However, the Court's inherent power does not create a counterclaim for frivolous conduct.

The next issue is Defendants' four declaratory judgment counterclaims.  Plaintiffs argue that the counterclaims are nothing more than a mirror-image of the claims in their Complaint, and as such, are redundant and should be stricken.  A number of courts agree that mirror-image counterclaims are improper.  *Tenneco v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985); *United States v. Zanfel*, 353 F. Supp. 2d 962, 964 (N.D. Ill. 2005); *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973).  However, other courts have come to the opposite conclusion when faced with a motion to dismiss or strike similar

---

[2] Defendants state, without any further explanation, that "an award of fees and expenses is appropriate at this juncture as the Pettreys' complaint was filed in bad faith."  The Court recommends to Defendants the *Marietta* and *Chambers* decisions, which outline in detail the showing necessary for sanctions.  Defendants also argue that the Court should not strike their requests for attorneys fees under Rule 12(f).  However, the frivolous conduct counterclaim must be dismissed for failure to state a claim under Rule 12(b)(6) and there is no reason to consider Rule 12(f). To the extent Defendants are arguing that their requests for attorneys fees in conjunction with their declaratory judgment counterclaims should not be stricken, the matter is moot because the declaratory judgment counterclaims must also be dismissed.

counterclaims.  *Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 175 (6th Cir. 1942); *United Wats, Inc. v. Cincinnati Ins. Co.*, 971 F. Supp. 1375, 1381 (D. Kansas 1997); *Iron Mountain Security Storage Corp. v. Am. Specialty Foods, Inc.*, 457 F. Supp. 1158, 1162 n.3 (E.D. Pa. 1978); *Jungersen v. Miller*, 125 F. Supp. 846 (N.D. Ohio 1954); *Int'l Woodworkers of Am. v. McCloud River Lumber Co.*, 119 F. Supp. 475, 488 (N.D. Cal. 1953).

These cases are not necessarily at odds.  As one commentator explained, courts should focus on whether the counterclaims serve any useful purpose.  *Wright, Miller & Kane*, 6 Federal Practice & Procedure 2d § 1406.  In the past, mirror-image declaratory judgment counterclaims served the purpose of preventing tactical dismissals by plaintiffs.  However, in light of the protections of current Rule 41(a) this is less likely to occur, so long as the plaintiffs' claims and the defendants' counterclaims are truly identical.  Because it may be difficult in most instances to determine whether counterclaims are identical early in litigation, "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action."  *Id*.

Nonetheless, courts should dismiss or strike a redundant counterclaim when "it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim."  *Aldens, Inc. v. Israel Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975); *Zanfel*, 353 F. Supp. 2d at 965 (finding a counterclaim "'essentially identical' to the government's complaint except that it seeks the opposite effect").  Here, there is a complete identity of factual and legal issues and the Court harbors no doubt whatsoever that Defendants' declaratory judgment counterclaims will be rendered moot by the adjudication of Plaintiffs claims.  Defendants seek nothing more than a proclamation that the acts alleged by Plaintiffs are not in fact unlawful. This is not a patent or trademark action where a court could find noninfringement without

adjudicating the validity of the underlying intellectual property, thus leaving the defendant in fear of future actions.[3] *Dominion*, 126 F.2d at 175; *see also Trico Prods. Corp. v. Anderson Co.*, 147 F.2d 721, 723 (7th Cir. 1945).  Nor is it a breach of contract action where the Court could find the contract not breached without reaching contract issues pressed by defendants.  Rather, in this case Defendants have failed to identify a single factual or legal issue that is not identical.[4]  Accordingly, no useful purpose would be served by retaining Defendants' declaratory judgment counterclaims.

### **CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion.

IT IS SO ORDERED.

Dated:  11/17/06

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

---

[3] Defendants claim that *Dominion* precludes dismissal.  However, *Dominion* was a typical intellectual property case.  The defendant in *Dominion* counterclaimed "that the trademark be held invalid or restricted, . . . that an unfair and improper purpose had been made of it . . . ."  126 F.2d at 173.  A verdict of noninfringement was not enough: "He wishes to be freed from the restrictions of an invalid patent or trademark, and he represents not only himself, but, in a sense, also the public which is likewise excluded from the field of monopoly."  *Id.* at 175.  In short, the *Dominion* Court simply found that the claims and counterclaims were not in fact identical.  *Jungersen v. Miller*, a case from this district, was also a patent case.  125 F. Supp. at 846.

[4] The only difference between the claims and counterclaims that Defendants can identify is that the counterclaims seek a declaratory judgment.  That is, of course, the whole point of a mirror-image declaratory judgment action.  It is not a relevant difference for purposes of the Court's analysis.

7