UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Calvin R. Pettrey, and | ) | CASE NO. 1:05-cv-1504 |
| Nikki Pettrey | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Enterprise Title Agency, Inc., | ) | |
| First USA Title Agency, LP, | ) | **Memorandum Opinion and Order** |
| John DeSantis, and | ) | |
| John Doe(s) | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

Plaintiffs Calvin and Nikki Pettrey have filed a Motion for Partial Reconsideration of the Court's Memorandum Opinion and Order denying class certification. (Doc. 98). This case arises from Enterprise Title Agency, Inc. ("Enterprise") and John DeSantis allegedly setting up sham companies such as First USA Title Agency, LP ("First USA") to cover up the improper payment of referral fees to DeSantis. For the reasons that follow, the motion is DENIED.

1

**DISCUSSION**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration. "Instead, such motions, if served within ten days of entry of judgment, are considered motions to alter or amend judgments pursuant to . . . Rule 59(e)." *Stubblefield v. Skelton*, unreported, 117 F.3d 1421 (6th Cir. July 10, 1997) (citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  "Generally, there are three major situations which justify a court reconsidering one of its orders: 1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice."  *Hancor, Inc. v. Inter American Builders Agencies*, 1998 WL 239283 (N.D. Ohio March 19, 1998), *citing In re Continental Holdings, Inc.*, 170 B.R. 919, 939 (Bankr. N.D. Ohio 1994).

Defendants do not challenge the Court's decision to deny class certification on the Counts of Negligent Misrepresentation (Count II), Violation of the Consumer Sales Protection Act ("CSPA") (Count III) and Civil Conspiracy (Count IV).  They only ask the Court to reconsider its refusal to certify the RESPA claim (Count I).  Plaintiffs claim that "[t]he Court has misunderstood what Plaintiffs requested in the motion for class certification and misapprehended its authority in fashioning a class that can be and should be certified."  They believe that "[i]f this remains uncorrected, the result will be manifest injustice."

However, instead of pointing to some misunderstanding by the Court, the Plaintiffs instead propose a narrowed class definition that they believe addresses the deficiencies recognized by the Court in its order denying class certification.  They cite to a decision in which a district court granted a motion to certify a RESPA class while narrowing the class definition

*sua sponte*. *Benway v. Resource Real Estate*, 05-325, 2006 WL 3832803 (D. Md. Oct. 16, 2006). Specifically, the *Benway* Court found that the plaintiffs could not meet the typicality prong of Rule 23(a) because the class definition included ABAs other than the one used by the plaintiffs. *Id*. at *2. The *Benway* Court thus limited the class to include only the plaintiff's ABA. *Id*. at *3.

The Court declines Plaintiffs' invitation to refashion the class in this case. Plaintiffs cite no authority that redefining the class is an issue that is appropriate for a motion for reconsideration. Moreover, Plaintiffs present nothing that they could not have presented during the initial extensive briefing on class certification. *McConocha v. Blue Cross & Blue Shield Mut.*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) ("It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.") (quotation omitted). The *Benway* case involved Plaintiffs' counsel and was decided while the parties were submitting pleadings related to this motion. The other cases cited by Defendant were similarly available to Plaintiffs.

Plaintiffs argue manifest injustice if the RESPA class as limited is not certified. However, it would also be counterproductive and unjust not to hold Plaintiffs to task for their own overbroad class definition. To hold otherwise gives class action plaintiffs a strategic incentive to propose unwieldy and burdensome classes—assured in the knowledge that if the

original class does not does not slip by the Court a more limited class will be certified.[1]

In any event, even if the Court were to consider modifying the class definition it would not do so in this case.  In the *Benway* case the court modified one aspect of the class definition based on Rule 23(a) typicality.  Here the issue is 23(b)(3) predominance and Plaintiffs ask the Court to modify three aspects of the claim definition.  The Court is not asked to tweak or partially modify a marginally insufficient class definition but rather to completely reconstruct the class definition by modifying the time period for the claims, the ABAs at issue, and the type of loans the Court should consider.  Even this completely reworked definition does not fully address the Court's previously-stated concerns regarding 23(b)(3) predominance.

Moreover, the modified class definition does nothing to address the Court's decision regarding Rule 23(b)(3) superiority.  With respect to superiority, Plaintiffs provide arguments and evidence that they could have presented during briefing on the motion to certify.  They also restate their argument that consumer class actions are often certified and therefore this action should be certified also.  None of these arguments are appropriate for a motion for

---

[1] Plaintiffs ask the Court to reconsider based on authority that could have been provided originally but which would have been prejudicial to their first, expansive, class definition.  They also argue now that the original class definition only appeared overbroad because it covered all four claims.  However, they did not attempt to parse the RESPA claim during briefing as that might demonstrate the weakness of their certification arguments as to the other claims.  In short, Plaintiffs could have acknowledged the weakness of their original class definition and class claims (which they do not really dispute here) during briefing on the original motion.  They chose instead to seek class certification on claims that were not appropriate for class certification and involving a class that was overbroad.  The Court does not venture to guess Plaintiffs' strategic reasoning for doing so, but notes that this is simply not a case where the original proposed class and claims made class certification a close call.

4

reconsideration.  *Hayes v. Norfolk S. Corp.*, No. 00-3876, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (explaining that it is not an abuse of discretion to deny a motion for reconsideration that is based on evidence that the moving party had in its control prior to the entry of judgment); *Miller v. Norfolk S. Rwy. Co.*, 208 F. Supp. 2d 851, 854 (N.D. Ohio 2002) (explaining that it is frivolous to bring a motion for reconsideration that repeats earlier arguments "without showing that something material was overlooked or disregarded, presenting previously unavailable evidence or argument, or pointing to substantial error of fact or law").  As the Court previously explained, RESPA provides ample incentives for individual plaintiffs and government agencies to bring actions and Plaintiffs again fail to explain how the other consumer class actions are significantly similar to their RESPA claim.

Finally, Defendants move to strike the Plaintiffs' class allegations. Fed. R. Civ. P. 23(d)(4).  Plaintiffs' main argument against striking the class allegations is that the Court should reconsider its earlier decision regarding class certification.  Accordingly, the Court will strike the class allegations.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' motion to reconsider and GRANTS Defendants' motion to strike the class allegations.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:   3/12/07